IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET A. COLDEN, *individually and as Custodian and Financial Guardian of Minor Child A.I.S., T.J.S., and Minor Child A.B.I.W.* | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-12-1691 |
| WEST COAST LIFE INSURANCE COMPANY and MICHAEL H. CRAWFORD | * | |
| | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Plaintiffs Margaret A. Colden, individually and as Custodian and Financial Guardian of Minor Children A.I.S., T.J.S., and A.B.I.W. ("Plaintiffs"), bring this action against Defendants West Coast Life Insurance Company ("West Coast Life") and Michael H. Crawford ("Mr. Crawford;" together with West Coast Life, "Defendants"). The Plaintiffs are the named beneficiaries of a life insurance policy for the now-deceased David Anthony Divead Weedon ("Mr. Weedon"). After Mr. Weedon died, the Plaintiffs submitted a death benefit claim, which West Coast Life denied. Arising out of that incident, the Plaintiffs allege that both Defendants committed breach of contract and additionally that Mr. Crawford committed negligence. Mr. Crawford has filed a Motion to Dismiss the Plaintiffs' Amended Complaint (ECF No. 32). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow,

Defendant Michael H. Crawford's Motion to Dismiss the Plaintiffs' Amended Complaint (ECF No. 32) is GRANTED IN PART and DENIED IN PART. Specifically, his Motion to Dismiss the Plaintiffs' contract claim is DENIED and his Motion to Dismiss the Plaintiffs' negligence claim is GRANTED. Consequently, the Plaintiffs' negligence claim is DISMISSED. The Plaintiffs' contract claim against Mr. Crawford will proceed.

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in a plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

On December 9, 2009, David Anthony Divead Weedon ("Mr. Weedon") purchased a life insurance policy ("the policy") from an agent of West Coast Life Insurance Company ("West Coast Life") named Michael H. Crawford ("Mr. Crawford"). Am. Compl. ¶ 3, ECF No. 6. Mr. Crawford assisted Mr. Weedon in filling out the application for the policy and advised Mr. Weedon that he had to pay to a premium of $135.00 to secure the policy. *Id.* ¶¶ 11-12. Mr. Weedon paid $135.00, and Mr. Crawford thereafter accepted Mr. Weedon's application. *Id.* ¶¶ 3, 13.

The policy was underwritten by West Coast Life. *Id.* ¶ 3. It listed Plaintiff Margaret A. Colden, as well as three minor children, A.I.S, T.J.S., and A.B.I.W. (together, "Plaintiffs"), as the named beneficiaries. *Id.* at ¶ 4. Under the policy, the Defendants agreed to pay death benefits of $850,000 to the Plaintiffs upon proof of Mr. Weedon's death. *Id.* ¶ 5.

On December 11, 2009, two days after the policy is alleged to have gone into effect, Mr. Weedon died. *Id.* ¶ 6. On or about February 26, 2010, the Plaintiffs submitted a death

benefit claim under the policy.  *Id.* ¶ 7.  The Defendants denied that claim on the basis that

Mr. Weedon did not meet the policy's requirement, that he did not "medically qualify" for

coverage, and that the application was not completed properly.  *Id.* ¶ 7.  For these reasons,

the Defendants stated that no contract of insurance was in force at the time of Mr.

Weedon's death.  *Id.*

      Based on the denial of the Plaintiffs' death benefit claim, the Plaintiffs filed suit

against both Defendants for breach of contract and against Mr. Crawford for negligence in

the Circuit Court for Baltimore City.  *See* Compl*.,* ECF No. 2.  The Plaintiffs filed an

Amended Complaint on May 8, 2012. On June 8, 2012, the case was removed to this Court

on the basis of diversity of citizenship under 28 U.S.C. § 1332.[1]  Currently pending is

Defendant Mr. Crawford's Motion to Dismiss the Plaintiffs' Amended Complaint (ECF No.

32) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Mr. Crawford argues first that he cannot be liable for breach of contract because he was not

a party to the life insurance policy between Mr. Weedon and West Coast Life.  Second, Mr.

Crawford contends that the Plaintiffs' negligence claim fails under Rule 12(b)(6), because the

Plaintiffs allege inconsistent facts, the claim does not amount to an actionable tort, and the

claim is barred by the Economic Loss Doctrine.  For the reasons that follow, Mr. Crawford's

Motion to Dismiss (ECF No. 32) is GRANTED IN PART and DENIED IN PART.

---

[1] The Plaintiff Margaret A. Colden, as well as the three minor plaintiffs, reside in Fayetteville,
Georgia and are citizens of Georgia.  *See* Am. Compl.  Defendant West Coast Life is incorporated in
Nebraska, and its principal place of business is in Birmingham, Alabama.  *Id.* ¶ 1; Notice of
Removal, ECF No. 1.  Defendant Mr. Crawford is a citizen of Maryland.  Am. Compl. ¶ 2.  Thus
the pleadings reveal complete diversity of citizenship among the parties, as required under section
1332.  Moreover, the amount in controversy exceeds $75,000.  *See* Notice of Removal.  For these
reasons, this Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1).

<u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  However, this Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments."  *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all the factual

allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 664.

## ANALYSIS

Mr. Crawford moves to dismiss both counts—the breach of contract count and the negligence count—of the Plaintiffs' Amended Complaint. This Court addresses each argument in turn, finding that under Maryland law, the Plaintiffs' breach of contract claim is valid but that the Plaintiffs' negligence claim, which is directed solely at Mr. Crawford, may not lie.

I.      **Defendant's Motion to Dismiss the Plaintiffs' Breach of Contract Claim**

Mr. Crawford asserts that a plaintiff alleging breach of contract must establish that the defendant was in privity with the plaintiff.  Generally, Mr. Crawford argues, "a contract cannot be enforced by or against a person who is not a party to it." *Cecilia Schwaber Trust Two v. Hartford Accident & Indem. Co.*, 437 F. Supp. 2d 485, 489-90 (D. Md. 2006) (citing *Crane Ice Cream Co. v. Terminal Freezing & Heating Co.*, 128 A. 280, 281 (Md. 1925)).  Because Mr. Crawford claims to be a stranger to the contract between Mr. Weedon and West Coast Life, he argues that this contract claim must be dismissed.

The Plaintiffs, on the other hand, contend that under Maryland law an insured may bring a contract action against an insurance company and its agent when a claim for benefits is denied.  *See Pfeiffer v. State Farm Mutual Auto. Ins. Co.*, 230 A.2d 87 (Md. 1967).  In this case, Mr. Weedon sought out Mr. Crawford, an insurance agent, to purchase a life insurance policy.  Mr. Crawford assisted Mr. Weedon in filling out an application and explained the premium amount required to secure a policy.  In exchange, Mr. Weedon was presented with a Conditional Receipt Agreement, attached as Plaintiffs' Exhibit 1, ECF No. 35-1, signed by Mr. Crawford and providing that under the agreement Mr. Weedon was entitled to "a limited amount of insurance, for a limited period of time, and then only if all the terms and conditions of this Agreement are met."  Under Maryland law, the Plaintiffs argue that a contract claim lies against Mr. Crawford.

Maryland courts have allowed cases brought by an insured against his insurance agent in either contract or tort.  The Plaintiffs cite *Pfeiffer v. State Farm Mutual Automobile Insurance Co.*, in which the Court of Appeals of Maryland addressed a case brought by an allegedly

insured plaintiff against an insurance company and its agent for breach of contract arising

out of the defendants' denial of insurance coverage.  230 A.2d at 88.  Though the Court of

Appeals in *Pfeiffer* was deciding unrelated pretrial issues, the case does suggest that under

Maryland law a contract claim may lie against an insurance agent when coverage is denied.

*See id.*  The Maryland Court of Appeals has stated elsewhere that where an insurance broker

is employed to obtain an insurance policy covering certain risks and then fails to obtain that

policy, it is "generally accepted . . . [that] an action may lie against the broker, either in

contract or in tort."  *Int'l Bhd. of Teamsters v. Willis Corroon Corp. of Md.*, 802 A.2d 1050, 1057-

58 (Md. 2002) (collecting authorities).  It should also be noted that under Maryland law, the

doctrine of third party beneficiary "permits a person for whose benefit a contract is made to

maintain an action on it without any privity of contract."  *Parlette v. Parlette*, 596 A.2d 665,

669-70 (Md. Ct. Spec. App. 1991).  In order to recover as a third-party beneficiary, the

contract must have clearly intended that the third party would benefit from it.  *Id.*

In this case, Mr. Weedon sought out Mr. Crawford to obtain a life insurance policy.

Mr. Crawford assisted Mr. Weedon with an application and presented him with a contract

entitled "Conditional Receipt Agreement," signed by Mr. Crawford and indicating that Mr.

Weedon would receive life insurance so long as the terms and conditions of the agreement

were met.  *See* Conditional Receipt Agreement, Pls.' Ex. 1.  Although Mr. Weedon thought

he had secured a life insurance policy, the Defendants denied the Plaintiffs' death benefit

claim after Mr. Weedon had died.  Thus the Defendants allegedly breached the life insurance

contract.  In light of the fact that it is "generally accepted" under Maryland law that a

contract claim may lie against an insurance agent in these circumstances, a suit against Mr.

Crawford is proper. *See Int'l Bhd. of Teamsters*, 802 A.2d at 1057-58. Further, because Maryland law recognizes the doctrine of third-party beneficiary, *Parlette*, 596 A.2d at 669-70, these Plaintiffs—the named beneficiaries of Mr. Weedon's insurance policy—may maintain this contract action. Accordingly, Mr. Crawford's privity of contract argument is rejected and his Motion to Dismiss the Plaintiffs' contract claim is DENIED.

## II.    Defendant's Motion to Dismiss the Plaintiffs' Negligence Claim

Mr. Crawford asserts three reasons for dismissing the Plaintiffs' negligence claim. First, Mr. Crawford insists that the Plaintiffs pled inconsistent facts in their Complaint—to wit, alleging in the contract claim that Mr. Weedon had completed the policy application as required, while stating in the negligence claim that Mr. Crawford was at fault for any incompletions in the application. Second, Mr. Crawford argues that the Plaintiffs' claims do not amount to an actionable tort, because any duty to the Plaintiffs arose exclusively out of the contract. Finally, Mr. Crawford suggests that the economic loss doctrine bars the Plaintiffs' negligence claim. While Mr. Crawford's first argument fails, Mr. Crawford properly seeks dismissal of the negligence claim based on his latter arguments.

### A.  The Plaintiffs' Alternative Factual Pleading

Mr. Crawford's first argument is easily dispatched. It is permissible under both federal and Maryland pleading rules for a party to plead inconsistent facts. Rule 8 of the Federal Rules of Civil Procedure states as follows: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(b)(2); *see also* Md. Code Ann., Md. R.

2-303(c) (permitting a plaintiff to set forth "two or more statements of a claim or defense alternatively or hypothetically" and "as many separate claims or defenses as the party has, regardless of consistency").

In this case, the Plaintiffs asserted causes of action in contract and tort. The Plaintiffs allege, for purposes of their contract claim, that the policy application was complete and therefore that the Defendants improperly denied coverage. *See* Am. Compl. ¶¶ 7-8. For purposes of their tort claim, the Plaintiffs allege that any incomplete portions of the application were due to the negligence of Mr. Crawford. *See id.* ¶¶ 11-14. It is without dispute that this sort of alternative pleading is permissible under federal and state rules of procedure.

Mr. Crawford acknowledges these rules of procedure yet maintains that the Plaintiffs may not allege "diametrically opposite *facts* against Crawford." Crawford Reply 4, ECF No. 36. Mr. Crawford's argument gains no traction. While Rule 8 prohibits the pleading of "internally conflicting factual assertions," which serve as the "predicates for an independent, unitary claim," *In re Livent, Inc. Noteholders Secs Litig.*, 151 F. Supp. 2d 371, 406 (S.D.N.Y. 2001), that scenario is not present in this case. The Plaintiffs assert two separate causes of action and plead alternative factual predicates for each of those claims. The Amended Complaint does not contain the type of *internally* inconsistent factual allegations that the district court in *In re Livent* rejected. 151 F. Supp. 2d at 406. Therefore, the Plaintiffs' pleadings pass muster under Rule 8 of the Federal Rules of Civil Procedure.

B.  <u>An Insurance Agent's Duty of Care and the Economic Loss Doctrine</u>

Mr. Crawford also maintains that there is no direct cause of action against him in tort, because he did not owe the Plaintiffs a duty independent of any contractual obligation. Under Maryland law, an insurance agent may owe a duty of care to the insured.  *See Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1069 (Md. Ct. Spec. App. 2002) ("[I]nsurance agents and brokers clearly owe a professional's duty to the insured."); *see also Canatella v. Davis,* 286 A.2d 122 (Md. 1972).  *But see Jones v. Hyatt Ins. Agency*, 741 A.2d 1099 (Md. 1999) ("Under Maryland law, an insurer which mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants.").  Any such duty does not extend, however, to a third-party beneficiary.  In *Parlette v. Parlette*, a case on which the Plaintiffs heavily rely, the Maryland Court of Special Appeals permitted a third-party beneficiary's negligence claim against an insurance agent.  596 A.2d at 670.  The Maryland court noted that this issue was one of first impression and ultimately was convinced by other jurisdictions holding "that a third party can recover in a negligence action against another's insurance agent, if the third party can demonstrate that, but for the agent's negligence, the third party would have benefited from the insurance policy."  *Id.* at 670.

Eight years later, however, the Maryland Court of Appeals confronted the same issue in *Jones v. Hyatt Insurance Agency* and determined that a third-party beneficiary's negligence claim against an insurance agency could not lie.  741 A.2d 1099.  In *Jones*, Maryland's highest court held that "[u]nder Maryland law, an insurer which mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants . . . . Instead, the duty owed to both the insured and to a third-party claimant is entirely contractual."  *Id.* at

1107-08.  The court reached this ruling after considering Maryland's rule that "a contractual obligation, by itself, does not create a tort duty."  *Id.* at 1107 (citing *Mesmer v. Md. Auto Ins. Fund*, 725 A.2d 1053, 1058 (Md. 1999)).  Instead, the Court of Appeals explained, "the duty giving rise to a tort action must have some independent basis."  *Id.*  Because an insurance agency's duty to a third-party beneficiary was entirely contractual, and there existed no principal-agent relationship between the two, the Court of Appeals rejected the plaintiff's negligence action against the agency.  *Id.* at 1108-09.

Under Maryland law, therefore, an insurance agent generally owes no duty in tort to a third-party beneficiary of a life insurance policy.  Though the Plaintiffs point to *Parlette*, in which a Maryland court did determine that such a duty existed, the Maryland Court of Appeals has since ruled that a third-party beneficiary may not bring a negligence claim against an insurance agent.  *See Jones*, 741 A.2d at 1108-09.  Accordingly, the Plaintiffs' negligence claim fails as a matter of Maryland law.

The closely related economic loss doctrine also presents a bar to the Plaintiffs' negligence claim against Mr. Crawford.  Under Maryland law, "[w]here the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability."  *Jacques v. First Nat'l Bank*, 515 A.2d 756, 759 (Md. 1986).  The intimate nexus requirement is satisfied by "contractual privity or its equivalent."  *Id.* at 760.  In *Jones*, the Maryland Court of Appeals found that third-party beneficiaries, similarly situated to the Plaintiffs in this case, incurred a risk only of economic loss because the sole injury they stood to suffer was the denial of insurance coverage.  741 A.2d at 1108-09.  Moreover, there was no intimate nexus or direct

relationship between the third parties and insurance agency needed to permit the imposition of tort liability. *Id.* Similarly, the Plaintiffs in this case are third-party beneficiaries. Their suit concerns the denial of a death benefit claim, which amounts to an economic loss only. With no privity of contract, an intimate nexus does not exist between the parties. For these reasons, the economic loss doctrine prevents the imposition of tort liability against Mr. Crawford. Accordingly, Mr. Crawford's Motion to Dismiss the Plaintiffs' negligence claim is GRANTED.

<u>CONCLUSION</u>

For the reasons stated above, Defendant Michael H. Crawford's Motion to Dismiss the Plaintiffs' Amended Complaint (ECF No. 32) is GRANTED IN PART and DENIED IN PART. Specifically, his Motion to Dismiss the Plaintiffs' contract claim in Count I is DENIED and his Motion to Dismiss the Plaintiffs' negligence claim in Count II is GRANTED. Consequently, the Plaintiffs' negligence claim, in Count II of the Amended Complaint, is DISMISSED. The Plaintiffs' contract claim against Mr. Crawford, in Count I, will proceed.

A separate Order follows.


Dated:        March 19, 2013                    _____/s/_____
                                                Richard D. Bennett
                                                United States District Judge